UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA                    Case No.: 15-CR-10338-FDS

v.

ERIC ARGUETA LARIOS

DEFENDANT, ERIC ARGUETA LARIOS'S, MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 3 CHARGING CONSPIRACY TO DISTRIBUTE ILLEGAL NARCOTICS AS MULTIPLICIOUS WITH RACKETEERING CONSPIRACY COUNT 2

Defendant, Eric Argueta Larios, ("Larios") submits this memorandum in support of his motion to dismiss Count 3 of the Fifth Superseding Indictment charging him with an independent drug conspiracy under 21 U.S.C. § 846. The § 846 Drug Conspiracy in Count 3 violates the double jeopardy clause as multiplicit, alleging the same allegations contained in the Racketeering Conspiracy 21 U.S.C. § 1962 (d) count[1], subjecting Larios to multiple punishment for the same conduct.

I.      BACKGROUND

Defendant, Eric Argueta Larios, is charged in Count 2 of the Fifth Superseding Indictment with Racketeering Conspiracy § 1962 (d) and also an independent Drug Conspiracy charge under Count 3, 21 U.S.C. § 846. Both the § 846 Drug Conspiracy and Racketeering Conspiracy drug trafficking charge in Count 3 has as an essential element a specific drug weight. ("Fifth Superseding Indictment", p. 32, ¶ 30 and p. 36, ¶ 33).

---

[1] The Racketeering Conspiracy Count only charges Larios with violation of control substances not any other racketeering activity. A §1962(d) conspiracy only reaches conduct that involves any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter or dealing in a controlled substance or listed chemical. 18 U.S.C. § 1961.

1

Count 2 charges in the Racketeering Conspiracy ¶ 26 that Larios, participated in the conduct of the affairs of MS-13 through a pattern of racketeering activity. As it relates to Larios in the Racketeering Conspiracy count, he is alleged to have participated in the offense by the trafficking of narcotics specifically cocaine. ("Indictment" p. 33, ¶ 30 b). Larios is charged, in both the Racketeering Conspiracy under § 1962 (d) and the Drug Conspiracy under § 846, that starting from at least February of 2014 up through December of 2014, Larios conspired with others to violate the drug law by the illegal distribution of cocaine all in violation of Title 21 U.S.C. § 846. It is further alleged in both counts that the amount of cocaine attributable to Larios was 5 kilos. Larios is not charged with any other racketeering activity involving murders or attempted murders or any other prohibited conduct under 18 U.S.C. § 1961.

Count 3 of the Indictment is a separate independent drug conspiracy charge pursuant to 21 U.S.C. § 846 alleging the identical allegations as set forth in the Racketeering Conspiracy Indictment as it relates to Defendant Larios. The government's theory is that Larios, as a member of MS-13 and as a pattern of criminal activity associated with the MS-13 enterprise, either trafficked in cocaine or agreed that another MS-13 member would traffic in cocaine comprising the § 1962 (d) Racketeering Count. Failing proof of the MS-13 "enterprise" or a pattern of racketeering activity to benefit the enterprise, the government's fall back theory is the allegations contained in Count 3, charging Larios for a Drug Conspiracy under §846 for the same identical illegal narcotic activity.

Count 3 relates to the identical activity alleged in the Racketeering Conspiracy count involving the same co-conspirators but now apparently Larios is either not associated with nor engaged in this activity for the benefit of the MS-13 enterprise but for his co-conspirators own personal gain. This drug activity in Count 3 is allege to be separate and independent of the MS-13

2

enterprise but involves the exact same allegations and participants. Although the participants and events in both counts are identical, the participants magically lose their MS-13 cloak under the government's Count 3 theory.

Within the Fifth Superseding Indictment as charged against Larios, there exists but a single conspiracy charging a violation of two penal statutes. This type of alternative charging practice runs afoul to the double jeopardy clause as it subjects the defendant to multiple punishments for the same identical conduct.

II.     ARGUMENT

The prohibition of against multiplicitous prosecutions derives from the Double Jeopardy Clause[2]. *United States v. Pires*, 642 F. 3d 1. 15 (1st Cir. 2011). The Fifth Amendment provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. *United States v. Sinto*, 723 F. 2d 1250, 1255 (6th Cir. 1984) The double jeopardy clause provides a guarantee that the State with all its resources and power shall not be allowed to make repeated attempts to convict an individual for the same offense and protects against multiple punishments for the same offense. *North Carolina v. Pierce*, 395 U.S. 711, 717 (1969).

The First Circuit Court of Appeals recently addressed multiplicitous counts within the same indictment in *United States v. Gordon*, Docket Number 16-1896 (November 7, 2017). "Multiplicity" means that a single crime or "unit of prosecution" has been charged as multiple crimes, each of which is to be punished separately. *Gordon*, *id*. at 13 *citing United States v.*

---

[2] In order to properly preserve this issue a pre-trial motion to dismiss is a prerequisite for appellate review. *United States v. Gordon*, Docket Number 16-1896 at p. 12 (1st Cir. November 7, 2017). The court can revisit the issue during or after trial after the evidence is fully developed. See e.g. *United States v. Laguna-Estes*, 394 F. 3d 54, 59 (1st Cir. 2005).

*Chiaradio*, 684 F. 3d 265, 272 (1st Cir. 2012). Simply put as explained in *Gordon*, "...when a felon has violated 18 U.S.C. § 922 (g) by possession a firearm, it would be multiplicit to charge the felon with two counts simply because he possessed it yesterday and today..." *Id.* at 13. The legislature is free under the Double Jeopardy Clause to define crimes and can fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense. *Brown v. Ohio*, 432 U.S. 161 164 (1977).

In this case Larios is charge in a single indictment with both a RICO Conspiracy involving the same allegations as the illegal drug conspiracy and activity giving rise to the § 846 Drug Conspiracy contained in Count 3. Both the individuals, locations, dates and conduct in both counts involve the identical drug distribution activity. The conduct contained in the charged § 846 drug conspiracy in Count 3 is used to construct the RICO charges against Larios charged in Count 2. This would subject Larios to multiple charges and punishments for the same identical conduct.

The test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States*, 282 U.S. 299, 304 (1932); *United States v. Laguna-Estela*, 394 F. 3d 54, 56 (1st Cir. 2005):

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not"

This test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes....". *Brown, id.* at 166 citing *Iannelli v. United States*, 420 U. S. 770, 785 n. 17 (1975). It is essential that each statute require proof of an additional fact which the other

4

does not. *Brown*, *id.* Under *Blockburger*, the offenses are deemed identical for the purposes of the double jeopardy clause where the evidence required to support conviction in one of the prosecutions is sufficient to support conviction in the other prosecution. *Sinto, id.* at 1256. The determination of whether the government can prosecute more than one conspiracy rests on whether there exists more than one agreement. *Id.*

However the *Blockburger* test is of questionable value in conspiracy double jeopardy issues. *United States v. Thomas*, 759 F. 2d 659, 662 (8th Cir. 1985). Racketeering Conspiracy can be committed in many different ways and consideration of the *Blockburger* analysis of the statutory elements alone is insufficient but consideration of the precise allegations is necessary. *Sinto, id* at 1256-57; *Brown*, 432 U.S. 161, 168 (1977) citing *In re Nielsen*, 131 U.S. 176 (1889) and *State v. Cooper*, 13 N.J. 361 (1833) (considering the conduct alleged in each case rather than just the statutory elements). In *Brown* the Supreme Court cited favorably *State v. Cooper* in considering a double jeopardy argument that a prior offense for arson barred a subsequent prosecution for felony murder based on the same arson. 432 U.S. at 168.

As shown by this analysis wide reaching statutory offenses that can be committed in a variety of different ways such as felony murder and RICO prosecutions, consideration must be given to not simply the elements of the offense but the actual allegations under the modified "totality of circumstances" test. *Sinto, id.* at 1256. This test is a more appropriate barometer for determining whether separate conspiracy charges are based on separate offenses. *Id*. As it relates to Larios the criminal activity in the Racketeering Conspiracy charges him only with illegal drug activity all in violation of 21 U.S.C. § 846 and not any murders or attempted murders or other prohibited racketeering activity.

Recognizing the questionable value of the *Blockburger* test alone in conspiracy double jeopardy cases the First Circuit has carved out a five factor totality of circumstances test for determining whether two conspiracy counts charge the same offense and therefore places the defendant in double jeopardy. *United States v. Hart*, 933 F. 2d 80, 85-86 (1st Cir. 1991); *United States v. David*, 940 F. 2d 722, 734 (1st Cir. 1991). This test has been applied in the same multi-count indictment charging separate conspiracy counts. *United States. V. Gomez-Pabon*, 911 F. 2d 847, 860 (1st Cir. 1990). Where several of the factors differ between the conspiracies the conclusion follows that the alleged illegal conspiracies are separate and distinct offenses[3]. *Sinto, id.* at 1256-57. Such factors include:

> 1) time periods of the conspiracies with an overlap tending to support a single conspiracy; 2) the personnel involved, again with significant overlap denoting a single conspiracy; 3) location (s) with identical place (s) supporting a single conspiracy; 4) evidence of overt acts, where the same acts would denote a single conspiracy; and 5) statutory provisions, with the same statutes suggesting possible overlap.

There is no doubt that the Racketeering Conspiracy § 1962 (d) count requires proof of a fact not required under § 846: namely the existence of an "enterprise" engaged in a "pattern of racketeering activity". However the § 846 count consists of the identical drug conspiracy that is also the only viable pattern of racketeering activity in the RICO § 1962 (d) count charged against Larios. The allegations in Count 3 of an § 846 Drug Conspiracy (¶¶32-37) is used to construct the RICO Conspiracy charge against Larios in Count 2. (¶¶30 a and b). That § 846 conspiracy has as elements an agreement, the objective in dealing in narcotics and the wrongful intent, all of which are required for a conviction of § 846. These same elements are also required for a §1962 (d) conviction that has

---

[3] Its axiomatic that the conspiracies would be the same if there was little difference in the factors.

as its only charged conduct against Larios, a pattern of racketeering activity as defined and charged as violations of 21 U.S.C. § 846. ("Indictment" pp. 32-33, ¶ 30 a and b) All the elements required for an § 846 conviction are contained within the RICO Conspiracy count.

Looking behind the bare elements, the Fifth Superseding Indictment charges Larios with Racketeering Conspiracy by the identical activity in dealing with illegal narcotics as alleged in the § 846 Drug Conspiracy. The allegations, dates of offense and participants in both counts are identical. Both charges are expected to be supported by a reverse sting operation conducted on December 8, 2014 where the conspirators are alleged to have participated in a delivery of a cocaine from Massachusetts to New Hampshire. The only difference is that the Racketeering Conspiracy Count requires an element of an "enterprise" but the § 846 Conspiracy does not.

Since the § 846 Drug Conspiracy does not contain an element that is not also contained in the RICO Conspiracy charge the *Blockburger* test is not satisfied as "each provision" (in this case the § 846 Count) does not require proof of a fact the other (RICO § 1962 (d)) does not. The modified totality test is also not satisfied as the allegations and participants involved are identical in time, circumstance, acts involved and events. The two penal statutes alleged to be the subject of the violations are also the same, 21 U.S.C. § 846. (Drug Conspiracy Count 3, p. 36 ¶ 32; RICO Conspiracy Drug Trafficking, p. 32-33, ¶ 30 a and b)

The Supreme Court has held that the double jeopardy clause prohibits cumulative punishment for violations of § 846 and § 848 the Continuing Criminal Enterprise Statute ("CCE"). *Jeffers v. United States*, 432 U.S. 137, (1977). The First Circuit following *Jeffers* recognized that if a conspiracy offense is actually used to establish the "continuing series of violations" and "in concert" requirements needed to show an enterprise under 21 U.S.C. § 848, then cumulative punishment on

the separate conspiracy charge and the § 848 CCE charge is barred. *Stratton v. United States*, 862 F. 2d 7, 9 (1st Cir. 1988).

In this MS-13 prosecution the separately charged § 846 drug conspiracy activity is being used to construct and establish the means and method by which Larios either committed racketeering or agreed that a conspirator would commit at least two or multiple violations of a specific statutory provisions that qualified as RICO racketeering activity. That specific statutory provision is the illegal drug distribution activity that is charged both as Racketeering Conspiracy activity and also a separate Drug Conspiracy under § 846. (See Indictment pp. 33 and 36 charging Larios with both RICO Conspiracy and Drug Conspiracy under § 846). Both the RICO Conspiracy Count and the Drug Conspiracy Count allege the same identical violation of 21 U.S.C. § 846 as the illegal controlled substance activity.

It is undisputed that the double jeopardy bars multiple punishments for a separate § 846 conspiracy where that activity was used in the "Kingpin" Continuing Criminal Enterprise charge to establish or construct the "continuing series of violations" and "in concert" requirements needed to show an enterprise. *United States. v. Rivera-Martinez*, 931 F. 2d 148, 152-53 (1st Cir. 1991) It is equally consistent with the holding of *Jeffers* and *Rivera Martinez*, that Larios should not face the potential for multiple convictions and punishment for both a separate § 846 drug conspiracy where that identical drug activity is being used to establish and construct the methods and means for the separate Racketeering Conspiracy charge contained in the same indictment.

WHEREFORE, Defendant, Eric Argueta Larios, requests that the court dismiss Count 3 of the Fifth Superseding Indictment charging him with an independent drug conspiracy under 21 U.S.C. §846. The §846 Drug Conspiracy violates the double jeopardy as a multiplicit alleging the same allegations contained in the Racketeering Conspiracy 21 U.S.C. § 1962 (d) count.

Respectfully Submitted,
The Defendant,
Eric Argueta Larios,
By his attorney,

/s/ Thomas J. Iovieno
Thomas J. Iovieno (BBO# 553361)
345 Neponset Street
Canton, MA 02021
(617) 464-3300
Email: tjilaw@yahoo.com

Date: November 30, 2017

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on November 30, 2017.

/s/ Thomas J. Iovieno