**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
|     **v.** ) | **Criminal No. 15-10338-FDS** |
| ) | |
| **6.  HERZZON SANDOVAL** ) | |
|     a/k/a "CASPER," ) | |
| ) | |
| **7.  EDWIN GUZMAN** ) | |
|     a/k/a "PLAYA," ) | |
| ) | |
| **11.  CESAR MARTINEZ** ) | |
|     a/k/a "CHECHE," ) | |
| ) | |
| **14.  ERICK ARGUETA LARIOS** ) | |
|     a/k/a "LOBO," ) | |
| ) | |
|     **Defendants** ) | |

**GOVERNMENT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Pursuant to the Court's Scheduling Order, the United States hereby submits proposed preliminary jury instructions for the Court's consideration. The government reserves its right to supplement or modify these requested instructions.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Kelly Begg Lawrence*
        KELLY BEGG LAWRENCE
        CHRISTOPHER POHL
        Assistant United States Attorneys

## **TABLE OF CONTENTS**

DUTIES OF THE JURY ................................................................................................. 1

NATURE OF INDICTMENT & PRESUMPTION OF INNOCENCE ........................... 2

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME ...................................... 3

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES ............................ 6

CREDIBILITY OF WITNESSES ................................................................................... 8

CSI/TELEVISION EFFECT ........................................................................................... 9

CONDUCT OF THE JURY ......................................................................................... 10

NOTE-TAKING ........................................................................................................... 13

OUTLINE OF THE TRIAL ......................................................................................... 14

## DUTIES OF THE JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so, you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

_____

Pattern Criminal Jury Instructions for the District Courts of the First Circuit (hereinafter "1st Cir. Pattern Crim. Jury Instr.") 1.01. *See* District of Maine Internet Site Edition, available at: http://www.med.uscourts.gov/pdf/crpjilinks.pdf (updated 12/14/17).

## NATURE OF INDICTMENT & PRESUMPTION OF INNOCENCE

This is a criminal case that has been brought by the United States government. The government is represented at this trial by Assistant United States Attorneys Christopher Pohl and Kelly Lawrence. Defendant Herzzon Sandoval is represented by attorneys Martin Murphy and Madeleine Rodriguez. Defendant Edwin Guzman is represented by attorney Scott Lopez. Defendant Cesar Martinez is represented by attorney Stanley Norkunas. Defendant Erick Argueta Larios is represented by attorney Thomas Iovieno.

The charges against the defendants are contained in the Indictment. Count Two charges defendants Sandoval, Guzman, Martinez, and Argueta Larios with conspiracy to conduct or participate in the affairs of an enterprise, the gang MS-13, through a pattern of racketeering activity involving acts of murder, attempted murder, and drug trafficking. Count Three separately charges defendants Martinez and Argueta Larios with conspiracy to distribute cocaine. The Indictment is simply a description of the charges against the defendants; it is not evidence of anything.

Each of the defendants has pleaded not guilty to the charges against them and has denied committing the crimes. The defendants are presumed innocent and may not be found guilty unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that they acted together in committing the conspiracy crimes with which they are charged. But you will have to give separate consideration to the case against each defendant. Do not think of the defendants as a group.

_____
1st Cir. Pattern Crim. Jury Instr. 1.02.

**PRELIMINARY STATEMENT OF ELEMENTS OF CRIMES**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case against each of the defendants.

For the crime of conspiracy to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity, the government must prove three things:

*First*, that there was a conspiracy to commit the crime of racketeering—that is, an agreement among two or more persons to participate in or conduct the affairs of an enterprise in or affecting interstate commerce through a pattern of racketeering activity. As described in the Indictment, the enterprise is the gang La Mara Salvatrucha, or MS-13, and the racketeering activity includes murder, attempted murder, and drug trafficking.

*Second*, that the defendant knowingly and willfully joined that conspiracy; and

*Third*, that the defendant or another member of the conspiracy agreed that some member of the conspiracy—it does not have to be the defendant himself—would commit at least two racketeering acts.

Let me provide some more information about some of those terms.

A "conspiracy" is an agreement among two or more persons to commit a crime. An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. In this case, the government has alleged that each of the defendants were members of an enterprise known as La Mara Salvatrucha or MS-13. "Racketeering acts" as alleged in this case are acts involving murder, attempted murder, and drug trafficking. A "pattern" means two or more such acts committed within a 10-year period.

3

The government also must prove that each defendant agreed that some member or members of the conspiracy (which may not include the defendant himself) would commit at least two racketeering acts. The government is not required to prove either that the defendant himself agreed to commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.

For the crime of conspiracy to distribute cocaine, the government must prove the following:

*First*, that there was a conspiracy—an agreement among two or more persons—to distribute—that it, sell, give, or transfer to another person—a quantity of cocaine;

*Second*, that the defendant knowingly and willfully joined that conspiracy;

*Third*, that the defendant knowingly and voluntarily participated in the conspiracy, that is, that intended to join the conspiracy and intended for its goals to be accomplished; and

*Fourth*, that it was reasonably foreseeable to defendant Martinez that the conspiracy would involve the distribution of 500 grams or more of cocaine; and that it was reasonably foreseeable to defendant Argueta Larios that the conspiracy would involve the distribution of five kilograms or more of cocaine.

I will provide you with more detailed instructions about each of these elements at the conclusion of the case. You should understand that what I have just given you is only a preliminary outline.  At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

---

1st Cir. Pattern Crim. Jury Instr. 1.04; *United States v. Noe Recinos-Garcia*, Crim. No. 15-10338-FDS (preliminary instructions given at trial of defendant Rafael Leoner-Aguirre); *United States v. COrbett*, 870 F.3d 21, 27-28 (1st Cir. 2017).

### EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1)   Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2)   Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3)   Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4)   Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

_____

1st Cir. Pattern Crim. Jury Instr. 1.05.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

_____

1st Cir. Pattern Crim. Jury Instr. 1.06.

**CSI/TELEVISION EFFECT**

Let me talk for a moment about television and movies. Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors. Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like. You must decide this case on the evidence in front of you and the law as I give it to you. Do not decide this case, even in part, based on something you saw on television or in a movie.  It is improper and unfair.

---

Preliminary Jury Instructions, *United States v. Piesak*, Crim. No. 06-40016-FDS (Transcript, Jury Trial, Day 1).

## CONDUCT OF THE JURY

Let me turn now to the subject of how you are to conduct yourselves during the trial. To make sure that the trial is fair, there are rules you have to obey.

*First*, do not talk among yourselves about this case or about anyone involved with it until the end of the case when you go to the jury room to decide on your verdict. You should feel free to get to know one another, but you should talk about the Patriots, or the weather, or your families, or anything at all, other than this case and the people involved in it.

*Second*, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors can discuss the evidence. Keep an open mind until then. Now, the reason we have these rules is the last question and answer might be the most important in the whole trial. There might be something that you might have missed that another juror has caught, and it is important that you not begin to commit yourself and express opinions about it until the very end. It is also important that everyone hear your opinion, not just one on one.

*Third*, again, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors; and when I say do not talk about it with anyone else, that includes members of your family and any of your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you've been discharged.

Those of you who are married or have a roommate or a friend at home, this is going to be very difficult for you. You are going to go home, and the first thing that your spouse or friend is going to say is, "What's the case about?  What do you think? Do you think they are guilty or not guilty? What do you think about the lawyers?" You cannot have that

10

conversation until after the case is over, and it is very important that you not do that. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything someone who has not heard the evidence may think about the case. You cannot talk about it with anyone other than each other and only when you go to deliberate. This rule is especially important.

The flip side is true as well. Do not let anyone try to talk to you about the case or anyone with anything to do with it. If someone approaches you and wants to talk about this case, please report it to me immediately.

*Fifth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses involved in the case. You should not even say hello to any of them. It is important not only that you do justice in this case, but that you give the appearance of doing justice; and if someone saw you chatting with someone involved in the trial, even if you are just being polite, even if you are just talking about the weather, it might arouse suspicions, so don't do it. And if one of the lawyers or parties or witnesses doesn't speak to you if you see them in the hallway or the elevator, they're not being rude. It is because I have instructed them not to discuss anything with you.

*Sixth*, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or anyone involved with it. I do not know whether this case will be in the media or not, but if it is, set aside any articles and ignore any media stories about the case until after the case is over and you have been discharged as jurors.

*Seventh*, do not do any research on your own. Do not consult any reference materials. Do not make any kind of investigation about the case on your own. Do not drive down the

11

street where events took place. You are to decide the case on the evidence in this court. If there is something in the evidence that you do not understand, or something that has not been explained to you, you cannot go and look it up on your own. You have to make the best decision you can according to the instructions I give you and based on the evidence in the case.

Importantly, please do not look things up on the Internet relating to this case. In fact, do not use the Internet to research, discuss, or mention this case in any way, shape, or form. This includes staying away from any mentions of this case on e-mail, text messaging, Facebook, Twitter, blogs, chat rooms, web sites, or any other app or online feature.

*Eight*, please be respectful of the Court. You should not bring food or drinks into the courtroom. You should not chew gum during the trial, and you should dress appropriately.

*Finally*, during the course of the trial, if you have a problem of some kind, please raise your hand. We will stop and try to take care of it. Sometimes people mumble or speak softly and you may not be able to hear properly. Sometimes people turn their backs and block your view. You might need a glass of water, or maybe need to go to the bathroom. If you need a break, or if there is a problem, raise your hand, and we will try to take care of it. If you need to communicate with me for some reason, and we are not in court, give a signed note to the court security officer, and he will get it to me.

Again, these rules are important. Please follow them.

---

Adapted from Preliminary Jury Instructions, *United States v. Piesak*, Crim. No. 06-40016-FDS (Transcript, Jury Trial, Day 1), with minor additions from Modern Federal Jury Instructions, Instruction 1-2.

## NOTE-TAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however.

First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so.

Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict.

Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

---

1st Cir. Pattern Crim. Jury Instr. 1.08.

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, each of the defendant's attorneys may, if he or she chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment, I will say more about the nature of evidence.

After the government's evidence, each defendant's lawyer may present evidence on each defendant's behalf, but he or she is not required to do so. I remind you that each defendant is presumed innocent, and the government must prove the guilt of each defendant beyond a reasonable doubt. No defendant has prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments, the lawyers for the government and defendants will attempt to summarize and help you understand the evidence that was presented.

14

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

_____

1st Cir. Pattern Crim. Jury Instr. 1.09.

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on January 8, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:    */s/ Kelly Begg Lawrence*
       KELLY BEGG LAWRENCE
       Assistant United States Attorney