UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10338-FDS |
| ) | |
| 6.   HERZZON SANDOVAL ) | |
|      a/k/a "CASPER," ) | |
| ) | |
| 7.   EDWIN GUZMAN ) | |
|      a/k/a "PLAYA," ) | |
| ) | |
| 11.  CESAR MARTINEZ ) | |
|      a/k/a "CHECHE," ) | |
| ) | |
| 14.  ERICK ARGUETA LARIOS ) | |
|      a/k/a "LOBO," ) | |
| ) | |
|      Defendants ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
IN LIMINE TO EXCLUDE RECORDED STATEMENTS OF CW-1**

The United States opposes the *Motion in Limine to Exclude Statements Contained on Audio/Videotape of CW-1 in Violation of Defendants Right to Confrontation* (D.1737) filed by defendant Erick Argueta Larios, a/k/a "Lobo," and joined by defendants Herzzon Sandoval, a/k/a "Casper" (D.1740), Edwin Guzman, a/k/a "Player" (D.1753), and Cesar Martinez, a/k/a "Cheche" (D.1777). The defendants concede that the statements of co-conspirators captured in the recordings made by CW-1 during and in furtherance of the conspiracy are conditionally admissible, but argue that the admission of recorded testimonial statements made by CW-1, a government informant who is not expected to testify at trial, would violate their Sixth Amendment confrontation rights. Because the statements of CW-1 captured on the recordings are not being offered for their truth, their admission at trial does not implicate the Confrontation Clause. The defendants' motion should be denied.

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court held in *Crawford v. Washington*, 541 U.S. 36, 68 (2004), that the Confrontation Clause bars admission of testimonial hearsay in a criminal case unless the declarant is unavailable and the accused has had a prior opportunity for cross-examination. *Crawford* analysis generally requires a court to consider two threshold issues: "(1) whether the out-of-court statement was hearsay, and (2) whether the out-of-court statement was testimonial." *United States v. Earle*, 488 F.3d 537, 542 (1st Cir. 2007).

The admission of CW-1's recorded statements do not implicate the defendants' Sixth Amendment rights because, although testimonial, they are not being offered for their truth and therefore are not hearsay. Contrary to the defendants' assertion, the government has no intention of offering CW-1's statements for the truth. Rather, CW-1's statements will be offered only to provide necessary context for the defendants' statements, which are admissible against the defendant who made them under Fed. R. Evid. 801(d)(2)(A), and their co-conspirators' statements, which are admissible against all defendants under Fed. R. Evid. 801(d)(2)(E). It is well-settled in this Circuit that the government's use of a non-testifying individual's statements in this manner does not run afoul of the rule against hearsay or the Sixth Amendment. *See United States v. Occhiuto*, 784 F.3d 862, 866 (1st Cir. 2015) (recorded statements of non-testifying individual "were not admitted to prove the truth of the matter asserted but rather to provide context for [defendant's] statements, and thus did not violate the Confrontation Clause") (quoting *United States v. Hicks*, 575 F.3d 130, 143-44 (1st Cir. 2009)); *United States v. Liriano*, 761 F.3d 131, 136-37 (1st Cir. 2014) (same); *United States v. Santiago,* 566 F.3d 65, 69 (1st Cir. 2009) (same); *United States v. Walter,* 434 F.3d 30, 33-34 (1st

Cir. 2006) (same). Moreover, the government assumes that the Court will instruct the jury that it cannot consider CW-1's statements for their truth, and that the jury will faithfully obey such an instruction. The government therefore requests that the Court deny the defendants' motion.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ Kelly Begg Lawrence*
      KELLY BEGG LAWRENCE
      CHRISTOPHER POHL
      Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on January 16, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:   */s/ Kelly Begg Lawrence*
      KELLY BEGG LAWRENCE
      Assistant United States Attorney