**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10338-FDS |
| | ) | |
| 6.  HERZZON SANDOVAL<br>a/k/a "CASPER," | ) ) ) | |
| | ) | |
| 7.  EDWIN GUZMAN<br>a/k/a "PLAYA," | ) ) ) | |
| | ) | |
| 11. CESAR MARTINEZ<br>a/k/a "CHECHE," | ) ) ) | |
| | ) | |
| 14. ERICK ARGUETA LARIOS<br>a/k/a "LOBO," | ) ) ) | |
| | ) | |
| Defendants | ) | |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States submits the following proposed jury instructions to assist the Court in drafting its charge to the jury. The government respectfully requests that the Court give substantially the same instructions that were provided to the jury in the November trial of defendant Rafael Leoner-Aguirre, with the modifications identified herein. The government reserves its right to supplement or modify these requested instructions.

For ease of reference, the government lists below the instructions given at the November trial of Rafael Leoner-Aguirre and identifies whether the instruction given in that case should be modified or omitted entirely in light of the charges and evidence presented in

this case.[1] The government also lists below additional instructions that it requests be given to the jury in this case.

                                            Respectfully submitted,

                                            ANDREW E. LELLING
                                            United States Attorney

                            By:    */s/ Kelly Begg Lawrence*
                                            KELLY BEGG LAWRENCE
                                            CHRISTOPHER POHL
                                            Assistant United States Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on February 6, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            By:    */s/ Kelly Begg Lawrence*
                                                      KELLY BEGG LAWRENCE
                                                      Assistant United States Attorney

---

[1] Apart from the substantive changes proposed herein, the government requests that all of the instructions be modified to refer to "defendants" rather than "the defendant." The government also requests that the Court instruct the jury, where appropriate, that it must consider the evidence separately as to each defendant and as to each count with which a defendant is charged.

| INSTRUCTION GIVEN AT NOVEMBER TRIAL | CHANGE REQUESTED |
|---|---|
| DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW | |
| PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT | |
| DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY | |
| VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS | |
| THE EVIDENCE | |
| WHAT IS NOT EVIDENCE | |
| KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL | |
| INFERENCES | |
| CAUTIONARY AND LIMITING INSTRUCTIONS | |
| STIPULATIONS | |
| CREDIBILITY OF WITNESSES | |
| PRIOR INCONSISTENT STATEMENTS | |
| LAW ENFORCEMENT AND GOVERNMENT WITNESSES | |
| COOPERATING WITNESSES | |
| IMMUNIZED WITNESSES | |
| LAW ENFORCEMENT TESTS AND INVESTIGATIVE TECHNIQUES | |
| CHARTS AND SUMMARIES | |
| NOTE-TAKING | |
| EXHIBIT NUMBERS | |
| ELEMENTS OF THE CRIME—INTRODUCTION | MODIFY |
| CONSPIRACY AND SUBSTANTIVE CRIMES | |
| CONSPIRACY—AGREEMENT | |
| OBJECT OF THE CONSPIRACY | |

| | |
|---|---|
| CONSPIRACY TO CONDUCT ENTERPRISE AFFAIRS THROUGH A PATTERN OF RACKETEERING ACTIVITY—ELEMENTS OF THE CRIME | |
| FIRST ELEMENT | |
| FIRST ELEMENT—AGREEMENT CHARGED IN THE INDICTMENT | |
| FIRST ELEMENT—OBJECT OF THE CONSPIRACY | |
| FIRST ELEMENT—"ENTERPRISE" | |
| FIRST ELEMENT—AFFECTING "INTERSTATE COMMERCE" | |
| FIRST ELEMENT—"RACKETEERING ACTIVITY" | MODIFY |
| FIRST ELEMENT—"PATTERN" | |
| SECOND ELEMENT—KNOWINGLY AND WILLFULLY JOINING CONSPIRACY | |
| SECOND ELEMENT—KNOWLEDGE OF AIMS OF CONSPIRACY | |
| SECOND ELEMENT—INDIRECT PROOF OF INTENT | |
| THIRD ELEMENT—AGREEMENT TO COMMIT RACKETEERING ACTS | |
| THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS AND FEDERAL LAW | MODIFY |
| THIRD ELEMENT—NO PROOF OF SPECIFIC RACKETEERING ACTS REQUIRED | |
| THIRD ELEMENT—UNANIMOUS AGREEMENT ON TYPE OF RACKETEERING ACTIVITY | MODIFY |
| THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS LAW—HOMICIDE | |
| THIRD ELEMENT—RACKETEERING ACTS—MASSACHUSETTS LAW—ROBBERY | OMIT |
| THIRD ELEMENT—RACKETEERING ACTS—FEDERAL LAW | |
| THIRD ELEMENT—NON-RACKETEERING ACTS—MASSACHUSETTS LAW | OMIT |
| EVIDENCE OF DEFENDANT'S INCARCERATION | OMIT |
| WITHDRAWAL FROM CONSPIRACY | |
| FOREPERSON'S ROLE; UNANIMITY | |

| | |
|---|---|
| REACHING AGREEMENT | |
| RETURN OF VERDICT FORM | |
| COMMUNICATION WITH THE COURT | |

| |
|---|
| **PROPOSED ADDITIONAL INSTRUCTIONS** |
| CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE COCAINE—ELEMENTS OF THE CRIME |
| FIRST ELEMENT—CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE COCAINE |
| SECOND ELEMENT—KNOWINGLY AND WILLFULLY JOINING CONSPIRACY |
| DRUG QUANTITY ELEMENT |

## ELEMENTS OF THE CRIMES—INTRODUCTION

I am now going to give you some instructions on the nature of the crimes charged in the indictment and the elements of the crimes that the government must prove beyond a reasonable doubt.

The indictment contains two charges against the defendants.

First, the indictment charges Mr. Sandoval, Mr. Guzman, Mr. Martinez, and Mr. Argueta Larios with conspiracy to commit racketeering. Racketeering is a crime under federal law. Conspiracy to commit racketeering is also a crime under federal law—it is a separate crime from racketeering.

"Racketeering" means conducting the affairs of an "enterprise" that affects "interstate commerce" through a "pattern" of "racketeering activity." Each of those terms has a particular meaning, which I will explain to you.

Second, the indictment charges Mr. Martinez and Mr. Argueta Larios with conspiracy to distribute or possess with intent to distribute a controlled substance, namely, cocaine. Distribution and possession with intent to distribute cocaine are crimes under federal law. Conspiracy to distribute or possess with intent to distribute cocaine is also a crime under federal law—it is a separate crime from distribution or possession with intent to distribute cocaine.

Again, all four of the defendants are charged with conspiracy to commit racketeering. Two of the defendants, Mr. Martinez and Mr. Argueta Larios, are also charged with conspiracy to distribute cocaine. You must consider the evidence separately as to each defendant and as to each count with which a defendant is charged.

I will begin by explaining the meaning of a "conspiracy."

## FIRST ELEMENT—"RACKETEERING ACTIVITY"

The "enterprise" must be one "affecting interstate commerce" through a "pattern" of "racketeering activity." I will first define "racketeering activity," and then define "pattern."

"Racketeering activity" consists of "racketeering acts." "Racketeering acts" are certain specific crimes defined by federal law. The racketeering acts alleged in this case are the following crimes:

> murder,
>
> assault with intent to commit murder,
>
> armed assault with intent to murder,
>
> conspiracy to commit murder, and
>
> criminal offenses involving trafficking in narcotics.

In a moment, I will explain the elements of some of these offenses in more detail.

## THIRD ELEMENT—RACKETEERING ACTS—
## MASSACHUSETTS AND FEDERAL LAW

Again, the definition of "racketeering acts" is limited to a specific list of crimes set by statute. Furthermore, the indictment charges that the pattern of racketeering activity engaged in by the enterprise (that is, by MS-13) consisted of certain specific types of crimes, generally involving murder and drug trafficking.

There are many other crimes that do not qualify as "racketeering acts." For example, crimes relating to the use, possession, or distribution of firearms are not racketeering acts. In order to be convicted of conspiracy to commit racketeering, the government must prove that the defendants agreed that one member or members of the enterprise would commit crimes that qualify as racketeering acts by law, and that are specified in the indictment.

In order to decide that, you need to know the definitions of those crimes. Therefore, I will instruct you on the elements of those crimes.

Again, the defendants are *not* charged with having committed any of these crimes. They are charged with conspiracy to commit racketeering. I am providing you with these definitions so that you can determine whether the object of the conspiracy was to conduct the affairs of an enterprise through a pattern of racketeering activity. I will also instruct you on the definitions of certain related crimes that are not racketeering acts, to try to give you a reasonably clear picture of what the law requires.

## THIRD ELEMENT—UNANIMOUS AGREEMENT
## ON TYPE OF RACKETEERING ACTIVITY

Again, the government is not required to prove that any specific acts are racketeering acts, or that any such acts occurred at all. However, the government must prove that the defendants agreed to join an enterprise engaged in *particular types* of racketeering acts. You must unanimously agree on which type or types of racketeering activity that the defendants agreed the enterprise would conduct—for example, at least two acts of murder, at least two acts of attempted murder, or at least two acts of narcotics trafficking, or all of them, or any combination of them.

## CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE COCAINE—ELEMENTS OF THE CRIME

As I explained to you earlier, two of the defendants in this case, Mr. Martinez and Mr. Argueta Larios, are also charged with the crime of conspiracy to distribute or possess with intent to distribute cocaine.

For you to find the defendants guilty of that crime, you must be convinced that the government has proved two things beyond a reasonable doubt:

First, that there was a conspiracy to distribute or possess with intent to distribute cocaine; and

Second, that the defendants knowingly and willfully joined in that conspiracy.

If you find either or both of the defendants guilty of this cocaine conspiracy charge, you will also have to find beyond a reasonable what quantity of cocaine each defendant agreed to distribute or possess with intent to distribute.

I will now explain what those elements mean.

**FIRST ELEMENT—CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE COCAINE**

The first element the government must prove beyond a reasonable doubt is that there was a conspiracy to distribute or possess with intent to distribute cocaine. I have already explained to you that a "conspiracy" is an agreement among two or more persons to commit a crime. Right now, we are talking about the crime of distribution or possession with intent to distribute cocaine.

As I stated earlier, the elements of distribution or possession with intent to distribute a controlled substance are: (1) possession with intent to distribute or distribution of a controlled substance to another person, (2) knowledge or belief that the substance was a controlled substance, and (3) intentional action or conscious object to transfer the controlled substance to another person.

The term "possess" means to exercise authority, dominion, or control over something. The law recognizes different kinds of possession. "Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

The term "distribute" means to transfer or give something to another person. It is not necessary that the defendants actually delivered cocaine to someone else, or that they made any money out of the transaction.

Nor is it necessary to find that the substance the defendants agreed to deliver was actually cocaine or that the person to whom they agreed to deliver it was an actual

purchaser of cocaine, as opposed to a government agent. It is enough for the government to prove, beyond a reasonable doubt, that the defendants believed that the substance they distributed or possessed with intent to distribute was cocaine, and it was their conscious object to distribute or possess with intent to distribute that substance to another person.

**Authority**

Pattern Criminal Jury Instructions for the District Courts of the First Circuit 4.21.841(a)(1)A, 4.21.841(a)(1)B, 4.21.846. *See* District of Maine Internet Site Edition, available at: http://www.med.uscourts.gov/pdf/crpjilinks.pdf (updated 12/14/17).

*See also United States v. Jimenez Recio*, 537 U.S. 270, 274-77 (2003) (holding that the government's "defeat of the conspiracy's objective will not necessarily and automatically terminate the conspiracy"); *United States v. Belardo-Quiones*, 71 F.3d 941, 944 (1st Cir. 1995) (conspiracy exists even if, unbeknownst to conspirators, crime is impossible to commit); *United States v. LaBudda*, 882 F.2d 244, 248 (7th Cir. 1989) (defendants can be found guilty of conspiracy even if conspiracy's objective "is unattainable from the very beginning").

**SECOND ELEMENT—KNOWINGLY AND WILLFULLY JOINING CONSPIRACY**

The second element the government must prove beyond a reasonable doubt is that the defendants knowingly and willfully joined in the conspiracy to distribute or possess with intent to distribute cocaine that is charged in the indictment. I have already explained to you what it means to act "knowingly" and "willfully."

## DRUG QUANTITY ELEMENT

If you find one or both of the defendants guilty of conspiracy to distribute or possess with intent to distribute cocaine, you must also determine whether the government has proved beyond a reasonable doubt the quantity of the cocaine involved. Specifically, you must find beyond a reasonable doubt the quantity of cocaine attributable to or reasonably foreseeable by the defendant or defendants that you have found to be guilty of the cocaine conspiracy.

**Authority**

First Circuit Pattern Criminal Jury Instructions, §§4.21.841(a)(1)A, 4.21.841(a)(1)B, 4.21.846. *See also Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Rivera-Ruperto*, 852 F.3d 1 (1st Cir. 2017) (requiring court to instruct jury to make its drug-quantity findings beyond a reasonable doubt).