1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
2


3

    UNITED STATES OF AMERICA          )
4                                      )
    vs.                                )  Criminal Action
5                                      )
    HERZZON SANDOVAL,                  )  No. 15-10338-FDS
6   EDWIN GUZMAN,                      )
    CESAR MARTINEZ,                    )
7   ERICK ARGUETA LARIOS,              )
                     Defendants        )
8


9

    BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV
10


11
                          JURY TRIAL DAY 17
12


13
              John Joseph Moakley United States Courthouse
14                          Courtroom No. 2
                            1 Courthouse Way
15                          Boston, MA 02210

16                         February 22, 2018
                              9:03 a.m.
17


18


19


20


21


22


23                        Valerie A. O'Hara
                         Official Court Reporter
24        John Joseph Moakley United States Courthouse
                     1 Courthouse Way, Room 3204
25                        Boston, MA 02210
                     E-mail: vaohara@gmail.com

1    APPEARANCES:

2    For The United States:

3         United States Attorney's Office, by CHRISTOPHER J. POHL,
     ASSISTANT UNITED STATES ATTORNEY, and KELLY BEGG LAWRENCE,
4    ASSISTANT UNITED STATES ATTORNEY, 1 Courthouse Way, Suite 9200,
     Boston, Massachusetts 02110;
5
     For the Defendant Herzzon Sandoval:
6
          Foley Hoag LLP, by MARTIN F. MURPHY, ESQ. and
7    MADELEINE K. RODRIGUEZ, ATTORNEY,
     155 Seaport Boulevard, Boston, Massachusetts 02210;
8
     For the Defendant Edwin Guzman:
9
          Lawson & Weitzen, by SCOTT P. LOPEZ, ESQ.,
10   88 Black Falcon Avenue, Suite 345, Boston, Massachusetts 02210

11   For the Defendant Erick Arueta Larios:

12        THOMAS J. IOVIENO, ESQ., 345 Neponset Street
     Canton, MA 02021;
13
     For the Defendant Cesar Martinez:
14
          STANLEY W. NORKUNAS, ESQ., 11 Kearney Square,
15   Howe Building, Suite 202, Lowell, Massachusetts 01852.

16        ROBERT M. SALTZMAN, ESQ., 1 Central Street, Suite 5,
     Stoneham, Massachusetts 02180.
17
     ALSO PRESENT:  Gabriel Haddad, Spanish Interpreter
18                  Carrie Lilley, Spanish Interpreter

19

20

21

22

23

24

25

<u>PROCEEDINGS</u>

1

2          THE CLERK:  All rise for the jury.

3          (JURORS ENTERED THE COURTROOM.)

4          THE COURT:  Good morning, everyone.  It looks like we

5     have the twelve of you and the three alternates, so I will

6     instruct you to resume your deliberations.  If I haven't heard

7     from you otherwise, I'm going to check in with you a few

8     minutes before five.  If you think you're close and you want to

9     keep going, I'll let you do that at some point.

09:03AM 10          At some point, the building starts to shut down, but

11     if you want to stay until 5:15 or 5:30, that's easy, that's if

12     I haven't heard from you otherwise.  I instruct you to retire

13     and resume your deliberations.

14          (Jury deliberating)

15          THE CLERK:  All rise.

16          (JURORS EXITED THE COURTROOM.)

17          THE CLERK:  All rise.  Thank you.  You may be seated.

18     Court is now back in session.

19          THE COURT:  All right.  I have a question from the

12:18PM 20     jury.  It's a legal question that relates to the instructions I

21     think on page 49.  I'll read the note and then read it again

22     because I want to make sure we're all following it correctly.

23     So the note reads as follows:

24          For the first element of Count 2 on pages 35 to 36,

25     the following statement reads:  "The defendants and their

1    co-conspirators are alleged to have conspired to conduct and

2    participate in the conduct of the affairs of the MS-13 criminal

3    enterprise through a pattern of racketeering activity that

4    included murder, attempted murder and illegal drug

5    trafficking."

6          Further, it also states that "If you find beyond a

7    reasonable doubt that a conspiracy of some kind existed between

8    the defendant and some other person, that in and of itself is

9    not sufficient to find the defendant guilty."

12:19PM 10          Again, the government is required to prove beyond a

11    reasonable doubt the existence of the conspiracy specified in

12    the indictment.  As per the terms of this indictment,

13    underlined, "In order to establish the first element, do we

14    need to be able to find evidence beyond a reasonable doubt of

15    all elements of racketeering specified in the indictment or

16    only one or more pieces?  To be more specific, would we need to

17    be able to establish that MS-13 as an enterprise engaged in

18    murder, attempted murder and illegal drug activity or just one

19    or more of those actions?"  Signed by the foreperson.

12:20PM 20          I'll read it again.  For the first element of Count 2

21    on pages 35 to 36, the following statement reads:  "The

22    defendant and their co-conspirators are alleged to have

23    conspired to conduct and participate in the conduct of the

24    affairs of the MS-13 criminal enterprise through a pattern of

25    racketeering activity that included murder, attempted murder

1      and illegal drug trafficking."

2           Further, it also states that "If you find beyond a

3      reasonable doubt that a conspiracy of some kind existed between

4      the defendant and some other person, that in and of itself is

5      not sufficient to find the defendant guilty.  Again, the

6      government is required to prove beyond a reasonable doubt the

7      existence of the conspiracy specified in the indictment."

8           "As per the terms of this indictment underlined, In

9      order to establish this element, do we need to be able to find

12:21PM 10   beyond a reasonable doubt of all elements of racketeering

11     specified in the indictment or only one or more pieces?  To be

12     more specific, would we need to be able to establish that MS-13

13     as an enterprise engaged in murder, attempted murder and

14     illegal drug trafficking, or just one or more of those

15     actions?"

16          I think this question falls broadly under the heading

17     that indictments charge things in the conjunctive, but proof is

18     only required in the disjunctive, that is, the basic principle

19     is that although there must be unanimous agreement as to the

12:21PM 20   type of racketeering activity, the type can be murder or

21     attempted murder or illegal drug activity, and then the trick

22     is how do I explain that to them in a way that's coherent?

23     Mr. Lopez, did you want to say something?

24          MR. LOPEZ:  No, because when the interpreter is

25     speaking, it's hard for me to hear you and him.

1          THE COURT:  All right.  So I guess what I propose to

2     do is to maybe walk through some basics just to make sure we're

3     in agreement because the first and the third elements blend and

4     overlap a little bit and just to set a framework, I want to be

5     clear to them that the charged conspiracy is a conspiracy to

6     commit the crime of racketeering.

7          The defendants must agree that the objective of the

8     conspiracy was to engage in a pattern of racketeering activity.

9     Pattern of racketeering activity requires two or more

12:22PM 10   racketeering acts that are related and pose a threat of

11    continuing criminal activity, and because the indictment so

12    charges the racketeering acts have to qualify as murder, armed

13    assault with intent to murder, or drug trafficking and

14    firearms, again, firearm offenses do not qualify.

15          The focus is on the agreement.  The defendants don't

16    have to have personally committed any racketeering acts, don't

17    have to have personally agreed to commit any racketeering acts,

18    and the racketeering acts don't even have to have been

19    committed, but there has to be an agreement that the enterprise

12:23PM 20   would engage in a pattern of racketeering activity, and it has

21    to be -- there has to be unanimous agreement by the jury that

22    it's a particular type of racketeering activity.

23          I propose the following example as a hypothetical:  If

24    A agrees to join a racketeering enterprise and he thinks it's a

25    drug dealing enterprise and B agrees to join the same

1    enterprise but he thinks it's a murder enterprise, there is

2    not -- they're not guilty of the crime because they have agreed

3    or they both think it's different racketeering acts.

4         If A thinks it's a murder enterprise and B thinks it's

5    a murder enterprise, the necessary agreement would be reached.

6    If A thinks it's murder and drugs and B thinks it's murder

7    only, the necessary agreement is reached as to murder and so on

8    so that, again, the jury need only find, although it must find

9    unanimously, that the pattern of racketeering activity involved

12:24PM 10   murder or attempted murder or drugs or some combination of

11   them.

12        Let me throw that out as a starting point.  Mr. Pohl.

13        MR. POHL:  Thank you, your Honor.

14        THE COURT:  Ms. Lawrence I think is the law person

15   here.

16        MS. LAWRENCE:  Mr. Pohl can.

17        MR. POHL:  That's all right.  Ms. Lawrence, I'm sure,

18   will jump up if I don't get it right.  Let's put it this way,

19   Ms. Lawrence and I conferred quietly while you were speaking,

12:24PM 20   and our opinion is that except for the hypothetical, which both

21   of us, I think, had an adverse reaction to, we think that's

22   right.  Everything up to the hypothetical we thought was the

23   correct statement of the law, concluding the way that you

24   suggested, which is that it's in the disjunctive, it's murder

25   or attempted murder or drug trafficking is correct, and I think

1    that has to be explained to the jury.  I think that's clearly

2    their intention of their note.  It sounds like they're double

3    checking to make sure that they don't need to find all three,

4    that they just need to be agreed on one or the other or the

5    other.

6           THE COURT:  Well.  The poor jury, I mean, you know,

7    the truth is --

8           MR. POHL:  You never know.

9           THE COURT:  -- this is hard for Supreme Court Justices

12:25PM 10   to get right, never mind ordinary people.

11          MR. POHL:  So I think except for the hypothetical, we

12   think that that's both a correct statement of the law and an

13   appropriate response.  Thank you.

14          THE COURT:  Who wants to respond?  Mr. Murphy.

15          MR. MURPHY:  And I speak only for myself here, so

16   others may contradict me, but I think, your Honor, that the

17   proposed instruction that the Court provided used the phrase

18   "join the enterprise," which I think the Court declined to use

19   during the course of its charge.

12:26PM 20          THE COURT:  Well, I'll make sure it's agreed to join

21   an enterprise.

22          MR. MURPHY:  I would think, your Honor, I mean, the

23   word "join" was not a word that I believe the Court used in its

24   instructions except perhaps in the murder conspiracy charge, so

25   I would respectfully suggest that the Court say "agreed to

1   participate in the conduct of affairs of the enterprise" or "in

2   the conduct of the enterprise" rather than "join."  With

3   respect to -- so that is the first request that I would make.

4        The second is that, again, others on the defense side

5   may disagree with that, but singling out firearms seems to me

6   to be -- I would rather have the Court simply say nothing about

7   offenses that don't count or say including firearms.

8        THE COURT:  That's fine, I'm happy to omit it.  I'm,

9   obviously, doing this somewhat quickly.

12:27PM 10        MR. MURPHY:  And I think to state the concern that I

11   have based on the jury's note, and it's a lot to read into, but

12   I think the jury's question suggests or could suggest that they

13   are focused solely on what the enterprise does rather than

14   whether the defendant agreed to participate in the enterprise

15   through those acts, which I think the Court has explained in

16   detail in its instructions.

17        THE COURT:  Well, that's why I want to take it from

18   the top.  That's a fine distinction, and I'm not presumed to

19   assume anything about what they know or don't know, and I guess

12:28PM 20   I'll make clear that I'm attempting to impart summarized

21   instructions that are quite detailed and that they should

22   understand that it's a summary and that the written

23   instructions that I delivered are the instructions they're to

24   follow, but -- well, let me hear does anyone else want to

25   respond?  Mr. Lopez.

1          MR. LOPEZ:  Your Honor, I guess I'm focused on the

2     agreement part of it, and what I read from that question is

3     that in looking at the time each of these defendants agreed, if

4     they agreed to -- agreed to this racketeering conspiracy that

5     they knew and were agreeing to commit or knew that part of the

6     racketeering conspiracy was to commit these racketeering acts,

7     so I would try to more focus on in essence what they knew at

8     the time they agreed to enter into the conspiracy.

9          THE COURT:  I'm sorry, what would you like me to say

12:29PM 10     specifically?

11          MR. LOPEZ:  Well, I think you initially -- the first

12     sentence, you said was something like they agreed to, I think

13     you used the word "join" the racketeering conspiracy.

14          THE COURT:  I'm going to change that, but they agreed

15     to --

16          MR. LOPEZ:  I think the pivotal question in the case

17     is what did they know about this organization at the time they

18     agreed to be a part of it, if they agreed to be a part of it,

19     and did they know that this organization was involved in murder

12:30PM 20     and the other racketeering acts.

21          THE COURT:  Okay.  Mr. Iovieno.

22          MR. IOVIENO:  It's a confusing question to really

23     respond to it at this point.  I guess, I mean, they have a copy

24     of the instructions, and it seems like the Court's response may

25     somehow suggest, I mean, I want to emphasize the pattern of

1    racketeering they still have to find, not simply a murder or

2    attempted murder, and I think to then explain to them what

3    aren't acts, I think that's important.  I would disagree with

4    Attorney Murphy, that the firearms clearly aren't, but there

5    are other acts also.  I think that should be emphasized.

6              THE COURT:  For what it's worth, by the way,

7    apparently the First Circuit within the last week or two

8    reversed a case out of Puerto Rico in which the Judge

9    instructed that firearm offenses were racketeering acts.

12:31PM 10              MR. IOVIENO:  I wasn't aware of that.

11             THE COURT:  I haven't fouled it up that badly anyway.

12             :  Mr. Norkunas.

13             MR. NORKUNAS:  Judge, I join with my Brothers, but I

14   thought the hypothetical was appropriate because it did appear

15   to me as you were reading it through that the essence part of

16   that was are they confused on the two predicate acts that they

17   really have to have two because they seemed to have applied do

18   we need to find all three is what they said.

19             THE COURT:  To me, that's the key question, their last

12:31PM 20   sentence, which I'll repeat, "To be more specific, would we

21   need to be able to establish that MS-13 as an enterprise

22   engaged in murder, attempted murder, and illegal drug activity

23   or just one or more of those actions?"  And the short answer is

24   it's one or more of those actions, but they have to agree

25   unanimously.  That's the simple answer.

1          MR. NORKUNAS:  Right, but two predicate acts.

2          THE COURT:  Right.  I can't say it that way because

3     it's more complicated, but that's, I think, what the goal of my

4     answering the question is, which is why I was attempting to

5     come up with a hypothetical, which, you know, the danger is

6     anything you do to try to make it simple eliminates the

7     subtlety that may be problematic, so I'm not going to use the

8     disfavored word, "join."

9          I'll take it from the top, emphasize that the jury has

12:32PM 10    to be unanimous as to the particular types of racketeering

11    acts, and it can be two acts of murder or two acts of assault

12    with intent to commit murder or two acts of drug trafficking

13    activity, but it can't be one and one.

14         MS. LAWRENCE:  And I think the written instructions do

15    say and any combination of those, so that might be worth adding

16    if they're thinking does it have to be all of them, and it

17    doesn't necessarily have to be one, it can be a combination.

18         THE COURT:  All right.  So how about if I end like

19    this, it has to be unanimous agreement as to the particular

12:33PM 20    type of racketeering activity in question, it has to be two

21    acts of murder or two acts of armed assault or two acts of drug

22    trafficking, or any combination of them.  If the jury were to

23    find unanimously it was one act of murder, one act of drug

24    trafficking, that would not qualify.  If half of them thought

25    it was two acts of murder and half of them thought two acts of

1    drug trafficking, that would not qualify.  It has to be

2    unanimous agreement as to two acts of a particular type of

3    racketeering activity.

4         Mr. Murphy.

5         MR. MURPHY:  Your Honor, my apologies, I would ask for

6    a second bite.  I would ask that the Court include somewhere in

7    its statement the reference from a sentence in what is now page

8    45 of the Court's instructions, something on the lines of, "In

9    other words, the government must prove that the defendant

12:34PM 10  agreed to participate in the conspiracy and that the conspiracy

11   involved or would involve the commission of two racketeering

12   acts."  That's essentially from the middle of page 45.

13        THE COURT:  Yes, I plan to say that close to verbatim.

14        MR. MURPHY:  Thank you, your Honor.

15        THE COURT:  Okay.  Let's line them up.  It's

16   Exhibit J.

17        (Exhibit J was marked for identification.)

18        THE CLERK:  All rise for the jury.

19        (JURORS ENTERED THE COURTROOM.)

12:38PM 20  THE CLERK:  Thank you.  You may be seated.

21        THE COURT:  All right.  Ladies and gentlemen, you've

22   sent a note, which I will read aloud as follows:

23        For the first element of Count 2 on page 35 to 36, the

24   following statement reads:

25        The defendants and their co-conspirators are alleged

1  to have conspired to conduct and participate in the conduct of

2  the affairs of the MS-13 criminal enterprise through a pattern

3  of racketeering activity that included murder, attempted murder

4  and illegal drug trafficking.

5       Further, it also states that if you find beyond a

6  reasonable doubt that a conspiracy of some kind existed between

7  the defendant and some other person, that in and of itself is

8  not sufficient to find the defendant guilty.

9       Again, the government is required to prove beyond a

12:39PM 10  reasonable doubt the existence of the conspiracy specified in

11  the indictment.

12       As per the terms of this indictment, in order to

13  establish the first element, do we need to be able to find

14  evidence beyond a reasonable doubt of all elements of

15  racketeering specified in the indictment or only one or more

16  pieces.  To be more specific, would we need to be able to

17  establish that MS-13 as an enterprise engaged in murder,

18  attempted murder and illegal activity or just one or more of

19  those actions.

12:39PM 20       All right.  I'm going to answer that, and I apologize

21  for how complicated this is.  Again, it's important that we get

22  it right and that you understand that it is complicated.

23       Let me begin by summarizing some basics.  I'm just

24  going to give you a summary to set the stage here.  My detailed

25  instructions, of course, should control your deliberations.

1    The defendants are charged with a conspiracy.  It's a

2    conspiracy to commit the crime of racketeering.  The defendants

3    must agree that the objective of the conspiracy was to conduct

4    the affairs of an enterprise through a pattern of racketeering

5    activity.  A pattern of racketeering activity means two or more

6    racketeering acts that are related and that pose a threat of

7    continuing criminal activity.

8         There are, I think, five types of racketeering acts

9    that are specified in the indictment and that are charged here:

12:40PM 10    Murder, assault with intent to murder, armed assault with

11    intent to murder, conspiracy to commit murder, and conspiracy

12    to possess control substances with intent to distribute them

13    and to distribute controlled substances.

14         To make this simpler and easier to understand, I'm

15    going to call those murder, attempted murder and drug

16    trafficking.  Your focus should be on the agreement.  The

17    defendants don't have to have personally committed any

18    racketeering acts.  They don't have to agree that they

19    personally would commit racketeering acts, and racketeering

12:41PM 20    acts don't even have to have been committed, but the agreement

21    has to include an agreement that a pattern of racketeering

22    activity would occur, and they have to agree that a particular

23    type of racketeering activity would occur, and you have to

24    unanimously agree on the particular type of racketeering

25    activity.

1       Again, the defendants have to have agreed to conduct

2   the affairs of an enterprise that would engage in a pattern of

3   racketeering activity.  In other words, the commission of two

4   racketeering acts, but you have to unanimously agree on a

5   particular type of racketeering activity.

6       Again, there's five specified in the indictment, five

7   are laid out in the instructions.  Again, for the sake of

8   simplicity, I'm going to call them three:  Murder, attempted

9   murder and drug trafficking.  So you must unanimously agree

12:42PM 10   that the pattern of racketeering activity in question involved

11   two acts of murder or two acts of attempted murder or two acts

12   of drug trafficking or any combination of those, but if you

13   find one act of murder and one act of drug trafficking, that

14   doesn't qualify.  If half of you think that the relevant acts

15   are murder and the other half think the relevant acts are drug

16   trafficking, that does not qualify.

17       All twelve of you have to agree on the particular type

18   of racketeering activity involved, in other words, agree that

19   it involved at least two acts of murder, at least two acts of

12:42PM 20   attempted murder, or at least two acts of drug trafficking, or

21   any combination of those.

22       And, again, I'm using shorthand, murder, attempted

23   murder and drug trafficking to describe the five specific types

24   of crimes alleged in the indictment.

25       All right.  I hope that is helpful.  I would direct

1    your attention to page 49 of my instructions which talks about

2    this unanimous agreement requirement, just to refresh you, and

3    just one more time, the jury has to unanimously agree that the

4    enterprise involved a particular type of racketeering acts.  It

5    can be two acts of murder, two acts of attempted murder, two

6    acts of drug trafficking, any combination of that, but you have

7    to unanimously agree on two particular types of acts, and one

8    and one doesn't count, and if you're split between murder and

9    drug trafficking, that doesn't count, you have to unanimously

12:43PM 10   agree on the type of act.

11             THE COURT:  All right.  Let me see the lawyers quickly

12   before I let you go.

13             (THE FOLLOWING OCCURRED AT SIDEBAR:)

14             MR. POHL:  Your Honor, I'd say two things.  At the

15   very end of their note, they specifically said do we need to

16   find all three, and you can answer that question no.  They did

17   specifically ask, and I think it's okay for you to specifically

18   answer.

19             THE COURT:  All right.  I'll clarify that.

12:44PM 20             MR. POHL:  And the other thing is I have nothing to

21   add to any of the other part of the instructions.  The one and

22   one doesn't count though, I think was confusing.  I think you

23   can say if you all find -- it's the unanimity that matters,

24   right.

25             THE COURT:  Okay.

1        MR. POHL:  If you all find one attempted murder and

2   one drug trafficking or one attempted murder and one murder

3   that counts.  The one and one doesn't count.  I think it's in

4   conflict with the other instructions that you gave.

5        THE COURT:  So, in other words, you want me to clarify

6   that they could unanimously find one murder and one drug

7   trafficking?

8        MR. POHL:  Or one murder and one attempted murder,

9   sure.

12:45PM 10        THE COURT:  All right.  I'll clarify.

11        MR. LOPEZ:  As long as they add up to two.

12        THE COURT:  As long as they add up to two, yes.

13        MS. LAWRENCE:  And they all agree which categories.

14        MR. POHL:  Right.  But I think the key point is their

15   last -- the end of their note asked a specific question, and do

16   we need to find all three, and I think your answer back to them

17   should be you don't need to find all three.

18        MR. MURPHY:  Your Honor, from my perspective, at the

19   very end --

20        THE COURT:  Yes.

21        MR. MURPHY:  -- the Court said, I believe, that they

22   have to agree unanimously that the enterprise would involve.  I

23   would respectfully say that the Court remind the jury that they

24   unanimously agree that the defendants --

25        THE COURT:  I'll make that clear.

1          MR. MURPHY:  Each defendant separately agreed.

2          MS. LAWRENCE:  That the enterprise would involve.

3          THE COURT:  Yes.

4          MR. MURPHY:  I would say agreed, again, I think it's

5     the most helpful to quote the language of the instruction.

6          THE COURT:  Very clear, helpful language.

7          (SIDEBAR CONFERENCE WAS CONCLUDED)

8          THE COURT:  Let me clarify a couple of things.  It's

9     hard, even for the Judge to get this right.  The first is your

12:46PM 10   specific question was need you find all three types of

11    racketeering activities, and the short answer to that is no,

12    you do not need to find all three.

13         I said somewhat loosely one and one doesn't count.

14    That was confusing and perhaps may have misled you.  You must

15    find unanimity as to two alleged racketeering acts.  It can be

16    one murder act and one drug act, but it has to add up to two.

17    In other words, you must be unanimous as to each one, and it

18    must add up at least to two, and it has to be unanimous.

19    Again, you can't have half of you agreeing it's one thing and

12:46PM 20   half of you agreeing it's something else.  It has to be

21    unanimous, and it has to add up to two.

22         And I also, to be clear, again, the focus is on the

23    defendants, what they agreed to do, and the issue is whether

24    each defendant individually agreed that the enterprise would

25    involve these types of racketeering activity.  It's not a

1   finding alone that the enterprise involved the racketeering

2   activity, it's that these defendants agreed that the enterprise

3   would involve these particular types of activity, and your

4   focus, again, should be on each individual defendant and what

5   they did or did not agree to.

6          All right.  I hope that's helpful.  Don't be shy about

7   asking me for further instructions if you think it isn't, and

8   I'll do my best, and I instruct you to retire and resume your

9   deliberations.

12:47PM 10          THE CLERK:  All rise.

11          (JURORS EXITED THE COURTROOM.)

12          THE COURT:  While the lawyers are here, we have a

13   medical emergency.  One of the jurors, she needs to go home.

14   What I'm going to do is tell her to go home.  Once we've

15   assembled them, I'll tell them to stop deliberating and make a

16   record of it.  Any problem with that?

17          MS. LAWRENCE:  No.

18          THE CLERK:  All rise.

19          ( A recess was taken.)

03:57PM 20          THE COURT:  So I basically said exactly what I

21   indicated I was going to say, that we had an emergency, I

22   instructed them to stop deliberating, and as soon as we got

23   everyone together, we'd assemble in the courtroom, I'll

24   discharge them for the day and tell them to resume tomorrow,

25   and her note says, I'll omit her name, "I'm having a medical

1    issue and need to leave for the day."  It's Juror Number 14,

2    and I'll mark that as Exhibit K.

3              (Exhibit K marked for identification.)

4              THE CLERK:  All rise for the jury.

5              (JURORS ENTERED THE COURTROOM.)

6              THE CLERK:  Thank you.  You may be seated.  Court is

7    now back in session.

8              THE COURT:  Ladies and gentlemen, welcome back.  The

9    three alternates are present as well as all counsel and

04:04PM 10   defendants.  As you know, a few moments ago, I let one of you

11   go home and instructed you to stop deliberating for the day.

12   It's a few minutes after four, so I am going to let you go for

13   the day.  Please remember my cautions not to discuss the case

14   except in the confines of the jury room and not to pay any

15   attention to any media reports of any kind, and we will resume

16   tomorrow morning by getting together in the courtroom at 9:00

17   and resume deliberations.  I'll instruct you to resume

18   deliberations at that point.  All right.  Thank you.

19             THE CLERK:  All rise.

20             (JURORS EXITED THE COURTROOM.)

21             (Whereupon, the hearing was adjourned at 4:04 p.m.)

22

23

24

25

1                 C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT )

4    DISTRICT OF MASSACHUSETTS ) ss.

5    CITY OF BOSTON )

6

7            I do hereby certify that the foregoing transcript was

8    recorded by me stenographically at the time and place aforesaid

9    in Criminal Action No. 15-10338-FDS, UNITED STATES vs.

10   HERZZON SANDOVAL, et al., and thereafter by me reduced to

11   typewriting and is a true and accurate record of the

12   proceedings.

13           Dated this 22nd day of June, 2018.

14                    s/s Valerie A. O'Hara

15            _____

16            VALERIE A. O'HARA

17            OFFICIAL COURT REPORTER

18

19

20

21

22

23

24

25